UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

UNITED STATES OF AMERICA,   :   05 Cr. 376 (CSH)

   -against-   :   MEMORANDUM AND ORDER

CHRISTY LANDRY,   :

          Defendant.   :

------------------------------------------------------- X

HAIGHT, Senior District Judge:

      Defendant Sandra Lee Christina Landry has filed a *pro se* motion for an order dismissing the captioned indictment with prejudice on the ground of an asserted violation of the Speedy Trial Act.

      Defendant's counsel of record in the case is Gregory E. Cooper, Esq., a member of the Court's Criminal Justice Act Panel. Mr. Cooper did not participate in the preparation or presentation of the present motion. However, I respect Landry's desire to move for this relief *pro se*, and will consider her motion on its merits.

      At a hearing held on January 17, 2006, to consider the matter, Landry presented oral argument in support of her motion. The government was heard in opposition. After careful consideration, and for the reasons that follow, I hold that no violation of the Speedy Trial Act has occurred, and accordingly deny Landry's motion.

      The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* ("the Act"), provides in § 3161(c)(1):

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer

1

of the court in which such charge is pending, whichever date last occurs.

§ 3161(h) of the Act provides in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any offense must commence: . . . .

(8)(A) Any period of delay resulting from a continuance granted by the judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The docket sheets in this case show that on February 1, 2005, Landry was arrested in Nevada on a warrant issued by Magistrate Judge Fox of this Court. Landry was transported to this District. Her initial appearance took place before Magistrate Judge Eaton on February 10, 2005. CJA counsel was appointed to defend her. The original indictment charging Landry was filed on April 6, 2005. Because the filing of the indictment thus took place later than Landry's first appearance before a judicial officer of this Court, § 3161(c)(1) of the Act requires that April 6, 2005, the date of filing the indictment, is the date on which the statutory speedy trial clock began to run.[1]

The case was assigned to Judge Cote for trial. Landry appeared before Judge Cote for arraignment on April 14, 2005, at which time she pleaded not guilty and requested a new attorney. Judge Cote relieved the CJA attorney first appointed. Mr. Cooper replaced him, and has represented Landry since then.

---

[1] The docket sheets record that on March 11, 2005, Magistrate Judge Maas issued an order excluding the time from March 11, 2005 until April 11, 2005, in the interest of justice. If, as would appear, the speedy trial clock did not begin to run until the indictment was filed on April 6, 2005, the need for Judge Maas's order excluding time is not clear. But it is a part of the record in the case.

Landry, accompanied by Mr. Cooper, appeared again before Judge Cote on April 22, 2005. At that hearing Judge Cote set down a schedule for the filing of motions and the trial, which was to begin on October 17, 2005. Judge Cote made an order prospectively excluding time under the Act from April 22, 2005, the date of the hearing, to and including October 17, 2005, the scheduled date for the trial.

On October 5, 2005, the case was reassigned to me. I conducted my first hearing on October 6, in anticipation of a trial beginning on October 17, as scheduled by Judge Cote. However, at the October 6 hearing AUSA Siegel, the lead prosecutor, advised the Court and defense counsel of bar association proceedings in Arizona involving a cooperating co-conspirator and intended government witness which might reflect upon that individual's mental condition. Counsel for the government and for the defendant, as well as the Court, agreed that the trial would have to be delayed. I set a new trial date of November 28, 2005, and prospectively excluded from calculations under the Act the time from October 17 through and including November 28. I made that order in the interest of justice under § 3161 (h)(8)(A), for the reasons stated fully in the transcript of the October 6 hearing and incorporated by reference in this opinion.

On November 8, 2005 I held another hearing, for the purpose of expressing the Court's concern about the November 28 trial date. The reasons for that concern are stated in the transcript of the hearing and in a memorandum and order dated November 10, 2005, both incorporated herein by reference. For the reasons stated at that hearing and in that memorandum, I prospectively excluded from speedy trial calculations the additional period of time between November 28, 2005 and January 30, 2006, when the trial will begin.

On this record, I am unable to discern any violation of the Speedy Trial Act. I assume the

3

validity of Judge Cote's exclusion order on April 22, 2005; no reason appears why I should not do so. As for my exclusion orders on October 6, 2005 and November 10, 2005, I believed then and believe now that they served the ends of justice, for the reasons I stated at the times. In consequence, the only time that counts against the seventy-day requirement in § 3161(c)(1) of the Act is the period between April 14, 2005, when the case was assigned to Judge Cote, and April 22, 2005, when she made her prospective exclusion order.[2]

For the foregoing reasons, I hold that the January 30, 2006 trial date is a valid date under the Speedy Trial Act, and that there has been no violation of that Act. The defendant's motion to dismiss the indictment with prejudice is denied.

It is SO ORDERED.

Dated: New York, New York
January 19, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The counting of those days assumes that Magistrate Judge Maas's exclusion order on March 11, 2005 should be disregarded. See footnote 1, supra. But this question does not affect the disposition of defendant's motion.

4